UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeremiah Hirman,  Civil No. 12-461 MJD/AJB

           Petitioner,

v.  **REPORT AND RECOMMENDATION**

B.R. Jett, Warden,

           Respondent.

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 by a federal prisoner. The action has been referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Petitioner Jeremiah Hirman is confined at the Federal Medical Center at Rochester, Minnesota, pursuant to conviction and sentencing in United States District Court, District of Minnesota, on a charge of manufacturing marijuana.[1] Plaintiff's Motion for Injunctive Relief is also pending before the Court [Docket No. 2].

It is petitioner's claim in this action that he was improperly denied eligibility for entry into the Bureau of Prison's ("BOP") residential drug abuse treatment program ("RDAP"), and as a result he will not be considered for early release to which he would have been entitled upon successful completion of the program, pursuant to 18 U.S.C. § 3621(e)(2)(B) and BOP Program Statement 5330.10. Respondent argues that the motion for injunctive relief should be denied on grounds the petitioner cannot satisfy elements as needed to obtain such relief, and the petition should be dismissed based upon the prisoner's failure to exhaust administrative remedies in accordance with the BOP's three-part administrative process prior to seeking relief in federal

---

[1] United States District Court, District of Minnesota Criminal File No. 06-45 JRT/SRN.

court. Respondent further asserts that in any event Mr. Hirman is not ineligible to participate in the RDAP, but that he is nonetheless precluded from obtaining early release as the result of a prior Minnesota state conviction in Washington County for third degree assault, a crime deemed by the BOP to be an aggravated assault, i.e. a crime of violence. 28 C.F.R. § 550.55(b)(4)(iv) (inmates with conviction for aggravated assault not eligible for early release). Petitioner argues that the state conviction is not properly characterized as an aggravated assault because the victim's only injury was a broken tooth. Petitioner contends that such injury is insufficient to constitute severe or aggravated bodily injury. The prisoner seeks waiver of the exhaustion requirement on grounds there is inadequate time to exhaust and obtain full sentence reduction credit, and exhaustion would be futile in light of predetermined BOP policy. He seeks an order compelling the BOP to reverse its program eligibility determination, and he further seeks an order by way of mandamus transferring him to a BOP facility at which the RDAP would be immediately available to him. For the reasons discussed below, it is recommended that the prisoner's motion for order to show cause and injunctive relief be denied [Docket No. 2], and that the petition be dismissed [Docket No. 1] without prejudice for failure to exhaust administrative remedies.

**Background and Claims**

Petitioner Jeremiah Hirman is a federal prisoner who has been incarcerated at the Federal Medical Center at Rochester, Minnesota.[2] He was convicted in June 2006, in the District

---

[2] In its response to the Petition filed on March 29, 2012 [Docket No. 6] the respondent advised the court that the BOP designated Mr. Hirman to FMC-Lexington, Kentucky on March 23, 2012, and indicated that transfer would likely happen within a week or two. The court has not since been notified whether such transfer or any change in the petitioner's address has occurred. As of June 20, 2012, the Bop website indicated that the petitioner remained at

of Minnesota, pursuant to a plea of guilty to a charge of manufacturing marijuana.  Mr. Hirman was sentenced by U.S. District Court Judge James R. Rosenbaum on January 4, 2007,[3] and was given a 130–month sentence, plus five years of supervised release.  In November 2011 the sentence was amended to 106 months by U.S. District Court Judge John R. Tunheim.[4]  In the respective sentencing judgments Judge Rosenbaum and Judge Tunheim each recommended that Mr. Hirman be allowed to participate in the BOP drug treatment program, conditioned on his eligibility.[5]  Mr. Hirman's current projected release date is November 22, 2014, with allowance for good time.

18 U.S.C. § 3621(e) allows the BOP to reduce a prisoner's sentence by as much as twelve months upon successful completion of treatment in a RDAP.  28 C.F.R. § 550.55(b)(4)(iv) provides that inmates with a prior conviction for aggravated assault are not eligible for early release,[6] though participation in an RDAP program is not therein prohibited.[7]  Mr. Hirman was found to be qualified for the program in an interview conducted on December 1, 2011.[8]  However, the petitioner has a Minnesota state conviction for felony third-degree assault

---

FMC–Rochester.

[3] Decl. of Julie Groteboer, Attach. A.

[4] Decl. of Julie Groteboer, Attach. A.  The case was reassigned to Judge Tunheim in August 20ll, due to the retirement of Judge Rosenbaum.

[5] Id.

[6] Decl. of Irena Merk, ¶ 6.  In his petition and memorandum in support of his motion for injunctive relief the petitioner incorrectly equates early release eligibility with program eligibility.

[7] Id., ¶ 10.

[8] Id., ¶ 4

which precludes him from early release consideration.[9]  The BOP's determination in this regard is based upon a comparison of elements of the conviction offense with the definition of aggravated assault in the FBI's Uniform Crime Reporting Program ("UCR").[10]

In his petition and injunction motion Mr. Hirman argues that he is being wrongfully denied eligibility for early release because the underlying disqualifying conviction was incorrectly characterized as an aggravated assault under circumstances in which the victim's only injury was a broken tooth.  The respondent contends that the determination as to whether the Minnesota state law definition of third-degree assault is sufficiently equivalent to the UCR definition of aggravated assault to preclude petitioner's early release eligibility, particularly in light of the deference to which the BOP's decisions in this regard are entitled.  In any event, the BOP asserts that the petition in this matter should be dismissed because Mr. Hirman has failed to exhaust administrative appeals on his RDAP eligibility.

## DISCUSSION

**Exhaustion**

When grievance procedures exist to provide a means for impartial review, a federal prisoner must exhaust available administrative remedies within the correctional system before seeking extraordinary relief in federal court.  Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974).  The BOP has established a three-tiered administrative remedy program to address prisoner concerns relating to any aspects of confinement.[11]  The first tier of the process requires

---

[9]  Id., ¶¶ 6-8.

[10]  Decl. of Irena Merk, ¶¶ 7-9.

[11]  Decl. of Julie Groteboer, ¶ 4, citing BOP Program Statement 1330.13, *Administrative Remedy Program*, codified at 28 C.F.R. Part 542.

that an inmate initially seek informal resolution of the grievance and, if there is no informal resolution he must present the complaint to the warden of the facility of confinement.[12] Thereafter, at the second tier, an unsatisfactory response from the warden may be appealed to the BOP Regional Director within 20 days, and finally, the prisoner has 30 days to in which to appeal the Regional Director's response to the Central Office of the BOP at the third tier. A prisoner's complaint has been exhausted, and is thereby subject to district court review, upon receipt of the Central Office response.[13]

      Petitioner Jeremiah Hirman filed an initial BP-9 request for administrative remedy regarding his RDAP eligibility on February 7, 2012.[14] The institution level remedy request was withdrawn on February 22, 2012, and the prisoner advised the administrative remedy clerk that he was filing a BP-10 administrative remedy with the North Central Regional Office on that same date.[15] On February 27, 2012, the Regional Office rejected the BP-10 because the petitioner had not provided a copy of a BP-9 institution level administrative remedy form or institutional response.[16] The record does not indicate that Mr. Hirman thereafter resubmitted his appeal at any level.

      Petitioner makes no assertion that he followed the full administrative remedy process in this matter and simply asserts that the outcome of the administrative appeals process

---

[12] Id., ¶ 5.

[13] Decl. of Julie Groteboer, ¶ 5.

[14] Id., ¶ 6.

[15] Id., Attach. C.

[16] Id., Attach. A.

is predetermined and there is insufficient time to complete the three-tiered program and complete the RDAP program in time to obtain the full early release benefits of participation. In his petition Mr. Hirman alleges that the BOP's action, resulting in a failure to consider him eligible for twelve-month sentence reduction, was arbitrary and capricious, and an abuse of discretion in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A).[17]

The respondent asserts that Mr. Hirman was interviewed for participation in the RDAP on December 1, 2011, and was found qualified for the program, though ineligible for early release. He was placed on a RDAP waiting list and the petition is therefore moot in regard to program participation. With respect to early release the respondent contends that the prisoner has ample time to fully complete the three-tier administrative remedy process before his November 22, 2014 projected release date and has not shown that the BOP position has been predetermined, and therefore he has not established any grounds for being excused from the exhaustion requirement.

Under these circumstances the court cannot conclude that administrative remedies have been exhausted and has no basis upon which to conclude that the exhaustion requirement should be excused. The record confirms that the prisoner was aware of the administrative remedy process and merely decided to forego proper compliance with the appeals procedure, and there is no evidence to support a determination that the prison administration has caused any

---

[17] Respondent correctly points out that pursuant to 18 U.S.C. § 3625, BOP decisions regarding early release under § 3621(e)(2)(B) are not subject to judicial review under the Administrative Procedures Act, wherein the arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law standards for setting aside agency actions are established. 5 U.S.C. § 706(2)(A). Gatewood v. Outlaw, 560 F.3d 843, 846 n.2 (8th Cir. 2009). Also, "§ 3625 may well preclude judicial review of BOP decisions applying the final rule and Program Statement to particular inmates." Id.

delay in the appeals process, or that a properly alleged appeal was predestined to fail at either the regional level or the central office level.  Indeed, the value of the administrative review process has been expressed by the Eighth Circuit, such that "it may well benefit prisoners to seek administrative relief first since this may be both a more expeditious and advantageous source of relief from unlawful action . . . when proper grievance procedures exist, their utilization benefits the prisoner, the prison authorities and the courts."  Green v. Federal Bureau of Prisons, 2002 WL 32619483 (D. Minn. Jan. 29, 2002)(unpublished opinion)(quoting Willis, 506 F.2d at 1015).  The prisoner has simply not shown that a proper appeal would not get the fair and timely consideration that it deserves at each BOP level.  Since the petitioner has not shown that the administrative process was futile, and he has not provided any alternative grounds to be excused from the requirement that he exhaust administrative remedies, the petition in this matter should be dismissed without prejudice.

**Motion for Injunctive Relief**

Petitioner Jeremiah Hirman contends that injunctive relief should be granted because he is due to be released on November 22, 2014, with good time, and in light of the time required to complete the drug treatment program, and to obtain the full 12-month sentence reduction, prompt relief is necessary.

With respect to the factors to be considered in determining whether an injunction should be granted under Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 112-14 (8th Cir. 1981), Hirman argues that: (1) delay will cause him to lose the advantages of sentence reduction, thereby causing him irreparable harm; (2) there is essentially no hardship to the BOP, while petitioner will lose his opportunity for maximum sentence reduction; (3) he is likely to succeed

on the merits under circumstances in which the BOP's denial of eligibility is unlawful because the denial is based upon a conviction for an assault which did not result in severe or aggravated bodily injury; and (4) his release would serve the public interest. In considering a motion for preliminary injunction, the likelihood of success on the merits is not, alone, determinative, but rather, the court considers the particular circumstances of the case in determining whether the "balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo." Dataphase at 113. The movant bears the burden of proof with regard to each of the factors to be considered. Doe v. LaDue, 514 F.Supp.2d 1131, 1135 (D. Minn. 2007).

As to injunctive relief, the respondent represents that petitioner has received his requested RDAP eligibility classification and the matter is moot in that regard. With respect to sentence reduction, respondent argues that petitioner cannot show irreparable harm because he has alternative remedies via the pending § 2241 habeas corpus petition and the BOP appeal process which he has not exhausted. Respondent further insists that petitioner is unlikely to prevail on the merits because the BOP correctly decided the early release eligibility issue; injunctive relief would interfere with administration of the RDAP program and petitioner has shown no actual harm; and there is strong public interest in maintaining the BOP's discretion and ability to effectively manage the RDAP program.

**Irreparable Harm.** A party moving for a preliminary injunction must the show existence of a significant risk of harm, and the absence of such a showing is sufficient to deny the motion. Doe v. LaDue at 1135. Speculative or possible harm is insufficient for preliminary injunctive relief. Id. Petitioner in this instance has not persuasively shown that injunctive relief is necessary to maintain the status quo or that the need for such relief is not speculative at this

time.  Under circumstances where the petitioner has not fully exhausted BOP administrative remedies and the § 2241 habeas corpus petition is already before the court, a threat of irreparable harm to the petitioner is not established.

**Likelihood of Success on the Merits.**  With respect to injunctive relief, the likelihood of success on the merits is preeminent.  Doe v. LaDue at 1136.   In this regard petitioner has not made a persuasive showing of likelihood of success on the merits as to the BOP determination that his prior felony aggravated assault conviction precludes an RDAP sentence reduction.  Therefore, the court does not find that probability of success on the merits with respect to injunctive relief weighs in favor of the plaintiff to the extent necessary to obtain such relief.

**Balance of Harms.**  As discussed above, petitioner has not established irreparable harm as needed to obtain injunctive relief.  Meanwhile, petitioner contends that his interest in early release outweighs a non-existence BOP interest in his imprisonment, and the BOP asserts that its interest in maintaining the integrity of the RDAP program outweighs the prisoner's speculative interest in a possible early release.  The court concludes that the balance of harms does not weigh significantly in favor of either side in this action.

**Public Interest.**  The petitioner's interest in obtaining a RDAP sentence reduction is essentially a personal and individual concern, whereas the BOP's interests relate to system-wide administration of the RDAP program, though not at the expense of all individual considerations.  Petitioner has not asserted a compelling public interest favoring his request for injunctive relief.   Petitioner Jeremiah Hirman is not entitled to injunctive relief in his matter.

Upon consideration of the petitioner's motion for injunctive relief, along with all

the records and pleadings, the Court concludes that petitioner Jeremiah Hirman has not carried his burden of establishing that injunctive relief is warranted.

**Merits of the Petition**

As a result of the recommendation that this matter be dismissed without prejudice on nonexhaustion grounds, the magistrate judge does not reach the merits of petitioner's claims. Petitioner has not asserted constitutional claims and the claims that are alleged relate to application of BOP program statements and policies which are properly considered initially in the context of the administrative remedy process. It is not readily apparent that the petitioner could not still undertake and complete the BOP administrative remedy process and also obtain meaningful relief. Consequently, dismissal should be without prejudice to that Mr. Hirman is not precluded from filing a § 2241 petition in the proper court after exhausting administrative remedies. See U.S. v. Sithithongtham, 11 Fed. Appx. 657 (8th Cir. 2001) (unpublished opinion).

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, it is hereby **recommended** that Jeremiah Hirman's Order to Show Cause and Injunctive Relief be **denied** [Docket No. 2] and his Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus be **dismissed** without prejudice. [Docket No. 1].

Dated:   June 21, 2012

                                                      s/ Arthur J. Boylan
                                                     Arthur J. Boylan
                                                     United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before July 6, 2012. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.